UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Q.D.R., et al. Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, et al.<br>Defendants<br><br>DAMION RUSSELL, et al.<br>Plaitniffs,<br><br>v.<br><br>CITY OF LOS ANGELS, et al. | Case No.: CV14-7926-JFW (Ex)<br>& Case No.: CV14-9433 JFW (Ex)<br><br>**DEFENDANT CITY OF LOS ANGELES, et al. AND PLAINTIFFS' STIPULATED PROTECTIVE ORDER RE PERSONNEL COMPLAINTS & TRAINING ISSUES** |

### *PROTECTIVE ORDER PERSONNEL RELATED DOCUMENTS*

After the Plaintiffs DAMION RUSSELL, an incapacitated adult, by and Through his Guardian, JO ANN PRICE, JO ANN PRICE, in her individual capacity & Q.D.R., a

Minor, By and Through Her Guardian Ad Litem KIANNA LEE, (hereinafter referred to as "Plaintiffs"), by and through their attorneys of record, Humberto Guizar, Esq. of Guizar Henderson & Carrazco L.L.P. (Counsel for Russell) & A. George Glasco, Esq. of the LAW OFFICES OF A. GEORGE GLASCO, P.C. (Counsel for Q.D.R.) and Defendants CITY OF LOS ANGELES, a local public entity, CHARLES L. BECK, AKA CHARLIE BECK, CHIEF OF THE LOS ANGELES POLICE DEPARTMENT; OSWALDO PEDEMENTE; ROBERT VILLALOBOS (hereinafter referred to as "Defendants"), by and through their attorneys of record, Michael N. Feuer, City Attorney, Cory M. Brente, Supervising Assistant City Attorney and Christian R. Bojorquez conferred regarding the Production of Personnel Documents, including any Complaints of Excessive Force and Discipline for Excessive Force (5 Years), IT IS HEREBY ORDERED, pursuant to the stipulation of the parties that the following Protective Order, and its terms shall govern documents and things in this matter:

For purposes of this Order, Confidential Materials include, but are not limited to the following five (5) categories of requested personnel documents regarding the subject matters of: 1) Failure to Train; 2) Excessive Force; 3) Failure to Follow Guidelines and/or Policies; and 4) Re-Training;

1. Employee periodic evaluations for the past five (5) years;

2. Complaints of Excessive Force for the past five (5) years with the understanding that any and all documents, summaries, Officer Statements and/or writings

created during the above-listed Complaints, whether recorded or transcribed are protected;

3. Any records revealing the result(s) of the use of forces described above within the past five (5) years;

4. Any records of re-training;

5. Any records of disciplinary action within the past five (5) years.

Protection for any and all documents produced, which include, but are not limited to, the following:

- Interviews;
- Officer Statements, whether written or recorded;
- Legend w/diagram;
- Pictures - Which coincide with an Officer(s) compelled statement which were intended to reflect the Officer's stated or perception of events;
- Investigative Narrative;
- All addenda

## II. TERMS OF THE PROTECTIVE ORDER

1. The Confidential Documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. The documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. The

"Confidential" Watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this above-captioned litigation.

3. Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following persons:

   a. Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

   b. Such other parties as may be agreed by written stipulation among the parties hereto, or by Court Order.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a), or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing protective order. I have read the stipulation/protective order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____ /s/ _____ "

1  Once this is completed, Counsel for Plaintiffs will serve a copy of the acknowledgment
2  upon Defendants.
3       5.    Upon the final termination of this federal litigation, including any appeal
4  pertaining thereto, including but not limited to any event wherein the case is ever
5  remanded to State Court or dismissed and refiled in State Court, all Complaints,
6  Investigations, Reports, materials, as well as any other Court Ordered Documents
7  provided pursuant to this Protective Order and all copies thereof shall be returned to the
8  Offices of the Los Angeles City Attorney's Office, 6th Floor, City Hall East, Los
9  Angeles, California 90012 for destruction/shredding. All Confidential documentation
10 provided to any person or party, pursuant to any provision hereof, also shall be returned
11 to the City Attorney's Office.
12      6.    If any party who receives Confidential Information receives a subpoena
13 and/or public record request seeking Confidential Information, he, she or it shall
14 immediately give written notice to counsel for defendants, identifying the Confidential
15 Information sought and the time in which production or other disclosure is required, and
16 shall object to the request or subpoena on the grounds of this stipulation/protective order
17 so as to afford defendants an opportunity to obtain an order barring production or other
18 disclosure, or to otherwise respond to the subpoena or other request for production or
19 disclosure of Confidential Material. However, in no event should production or
20 disclosure be made without written approval by defendants' counsel unless required by

Court Order arising from a motion to compel production or disclosure of Confidential Information. Nothing in this Protective Order should be construed as authorizing a party in this action to disobey a lawful directive from another court.

7. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information, it shall be the party seeking to use such information burden to first request the sealing of such documents pursuant to Local Rule 79-5.1.

8. Counsel for the parties hereto agree to request that in the event any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information, that such a Party will first seek special permission from the Court to hear such information outside the presence of the jury. Counsel for the parties further agree that, during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, that Defendants will have an opportunity to make a special request to the Court that access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agreed to be bound by this stipulation/protective order, and court personnel.

. . .

. . .

. . .

. . . .

9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10. This Protective Order survives settlement, trial and/or appeal.

**IT IS SO STIPULATED**

DATED: August 24, 2015

MICHAEL N. FEUER, City Attorney

By: /S/ - *Christian R. Bojorquez*
CHRISTIAN R. BOJORQUEZ, Deputy City Attorney
Attorneys for Defendant CITY OF LOS ANGELES

DATED: August 26, 2015    GUIZAR, HENDERSON & CARRAZCO, L.L.P.

By: 
HUMBERTO M. GUIZAR
Attorneys for Plaintiffs Damion Russell and
Jo Ann Price

DATED: August 25, 2015    LAW OFFICES OF A. GEORGE GLASCO, P.C.

By A. George Glasco
A. GEORGE GLASCO
Attorneys for Q.D.R., a Minor, By and Through
Her Guardian Ad Litem Kianna Lee, Plaintiff

1  Note: *This is a continued Signature Page for the ALDERLAW, P.C. Attorney's & the
2  Honorable Magistrate Judge CHARLES F. EICK signature for the Stipulated Protective
3  Order.

4  DATED: August 15, 2015     ALDERLAW, P.C.

       By _____
              C. MICHAEL ALDER
       Attorneys for Plaintiffs Damion Russell and
       Jo Ann Price

9  DATED: August 25, 2015     ALDERLAW, P.C.

       By _____
              LAURA SEDRISH
       Attorneys for Plaintiffs Damion Russell and
       Jo Ann Price

**IT IS SO ORDERED**

Dated: 8/31/15

       By: _____
              MAGISTRATE CHARLES F. EICK
              United States Magistrate Judge